MARC A. GEFFEN (Bar No. 170092)
GEFFEN LAW & MEDIATION
380 South Melrose Drive, Suite 408
Vista, CA 92081
(760) 643-4185

FRANK L. BÜTTS (Bar No. 179566)
CORONADO DISTRIBUTION COMPANY, INC.
8655 Avenida Costa Norte
San Diego, CA 92154
(619) 474-1350

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORONADO DISTRIBUTION COMPANY, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DIVINE IMAGING, INC., STEPHEN JEWETT, and DOES 1 through 20,<br><br>Defendants. | CASE NO. **'16CV2115 LAB DHB**<br><br>PLAINTIFF CORONADO DISTRIBUTION COMPANY, INC.'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br>2. VICARIOUS COPYRIGHT INFRINGEMENT;<br>3. CONTRIBUTORY COPYRIGHT INFRINGEMENT;<br>4. MISAPPROPRIATION OF TRADE SECRETS UNDER 18 U.S.C. 1831;<br>5. MISAPPROPRIATION OF TRADE SECRETS; UNDER CALIFORNIA CIVIL CODE §3426 Et. Seq.; and<br>6. PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Coronado Distribution Company, Inc. (hereafter, "CDC" or "Plaintiff") alleges as follows:

### JURISDICTION AND VENUE

1.  This is a civil action seeking monetary damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §101 et. seq. and for misappropriation of trade secrets under the Defend Trade Secrets Act of 2016, 18 U.S.C. 1881 et.

seq. and under the California Uniform Trade Secrets Act, California Civil Code section 3426 et. seq.

2. This court has subject matter jurisdiction over plaintiff's copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over this action for all other claims asserted herein pursuant to 28 U.S.C. § 1367.

3. This court has personal jurisdiction over defendants Divine and Jewett because said defendants are doing business in this judicial district, because the acts of infringement and other injuries complained of herein occurred in this judicial district, and because, on information and belief, defendant Jewett resides in this district.

4. Venue is proper in this judicial district under 28 U.S.C. 1391(b)(1) and (b)(2) because the acts of infringement and other injuries complained of herein occurred in this judicial district, and because, on information and belief, defendant Jewett resides in this district, and all defendants are residents of the State of California.

## THE PARTIES

5. Plaintiff is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in San Diego, California.

6. Plaintiff is informed and believes, and thereon alleges, that defendant Divine Imaging Inc., (hereafter, "Divine") is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in Malibu, California.

7. Plaintiff is informed and believes, and thereon alleges, that defendant Stephen Jewett (hereafter, "Jewett") is an individual residing and domiciled in the city of San Diego, California.

8. Plaintiff is unaware of the true identities and capacities of defendants sued herein as Does 1 through 20, and therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of these fictitiously named defendants is in some way liable to plaintiff on the causes of action stated below. Plaintiff will ask for leave to amend this complaint to state their true names and capacities when they have been ascertained.

9. Plaintiff is informed and believes, and thereon alleges, 1) that at all material times herein, each defendant was acting as the authorized agent and employee of the other defendants; 2) that in doing the things alleged in this complaint each defendant was acting within the course and scope of that agency and employment; 3) that each defendant, when acting as a principal, was negligent in the selection and hiring of each other defendant as an agent and employee; and 4) that each defendant, by his/her/its acts ratified the acts of the other defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. CDC is a reseller/distributor that provides a variety of highly specialized goods and services to all branches of the United States military and several U.S. government agencies, including the Department of Energy, the Department of Homeland Security and the Federal Bureau of Investigation. Founded in 2010 by a former Logistics Specialist in the United States Navy with knowledge of U.S. Navy supply chain methods and procurement regulations, CDC has spent years developing its product lines as an authorized distributor under various U.S. Government contracting and procurement programs. CDC is presently an authorized distributor under several United States government contracts that allow it to quickly fill orders for goods placed by military personnel and government procurement officers anywhere in the world.

11. In late 2012, CDC made a substantial investment in the development, production and publication of a product catalog to showcase a strategically selected group of products and services that CDC wished to market to the United States Navy ("Navy") through authorized personnel serving aboard Navy sailing vessels.

12. The 64 page catalog was designed as a tabloid style, full color brochure printed on 8.5 inch x 11 inch paper in landscape orientation. The catalog featured photographs of products that CDC, through years of trial-and-error research, marketing and experience, determined were of high value or high demand by crew members serving on ships docked at Naval Base San Diego or other nearby facilities. CDC has since published updates of the catalog on an annual or near annual basis. A true and correct copy of the 2016 CDC catalog is attached as Exhibit 1 to the Notice of Lodgment filed herewith (hereafter, "the CDC Catalog").

13. On March 23, 2015 Jewett accepted an offer of employment as a sales representative for CDC. Jewett worked for CDC as a sales representative until March 24, 2016, when he resigned his position.

14. During his employment, Jewett had access to CDC's company servers, which contained all of the digital files that comprise the CDC Catalog, including the product photographs, the product descriptions, the product part numbers and the textual content of the CDC Catalog. On February 9, 2016, via email, Jewett was given the password to the specific subfolder(s) on CDC's server that housed those digital files, along with the warning in red letters just under the password that stated "Please note this password is for employees only. DO NOT GIVE OUT".

15. On March 24, 2016, Jewett resigned his position as sales representative with CDC. CDC is informed and believes, and thereon alleges, that shortly thereafter, Jewett accepted a position as a sales representative (or similar position) with Divine. Divine is a direct competitor of CDC.

16. In July, 2016, CDC learned that defendants Jewett and Divine had copied, reproduced and distributed, in paper form, a product catalog nearly identical to CDC's catalog, but on behalf of Divine (hereafter, "the Divine Catalog"). The Divine Catalog contains the identical photographs of the identical products, along with identical and/or substantially similar text copy, in near identical order of presentation, as the CDC Catalog. The Divine Catalog fails to provide any authorship credit or attribution to CDC. A true and correct copy of the Divine Catalog is attached as Exhibit 2 to the Notice of Lodgment filed herewith.

17. Shortly thereafter, CDC learned that Divine had also published the Divine Catalog in digital form on Divine's commercial website.

**FIRST CAUSE OF ACTION**
(Against all Defendants for Copyright Infringement)

18. CDC re-alleges paragraphs 1 through 17 above, and incorporates them herein by this reference, as though set forth in full.

19. CDC is the author of, and owns all rights and title to the copyright of, the CDC product catalog, including all versions of the catalog published between 2012 and the present.

20. CDC filed applications for copyright registration with the United States Copyright Office for the 2016 version of the CDC product catalog, and is awaiting issuance of the registration certificates.

21. By publishing and distributing the Divine Catalog, defendants, without any authorization, permission, consent or license, copied, reproduced and distributed substantial constituent elements of the 2016 CDC product catalog that were original. In addition, the overall format and content of the CDC Catalog and the Divine Catalog are not only substantially similar, they are nearly identical.

22. Defendants' copying, reproduction and distribution occurred both 1) in printed form, and 2) in digital form (as a subpage on Divine's commercial website). The copying, reproduction, publication and distribution of the Divine Catalog by defendants infringes on CDC's copyrights to the constituent elements of the CDC product catalog that are original, as well as the overall CDC product catalog itself.

23. Defendants knew the Divine Catalog infringed on CDC's copyrights and they knew they did not have permission to exploit CDC's work. Defendants' acts of infringement were and are willful, intentional and purposeful, in disregard of and with indifference to CDC's rights.

24. As a direct and proximate result of defendants' wrongful and infringing conduct described herein, CDC has suffered and will continue to suffer injury and loss, and CDC is entitled to recover damages from defendants in an amount to be proven at trial.

25. CDC is also entitled to recover defendants' profits attributable to the infringement pursuant to 17 U.S.C. § 504, including an accounting of, and imposition of a constructive trust for, such profits.

26. Alternatively, CDC is entitled to statutory damages pursuant to 17 U.S.C. §504(c). Because defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

27. CDC is entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505 or as otherwise provided by law.

28. As a direct and proximate result of the defendants' wrongful acts and conduct described herein, CDC has suffered and will continue to suffer substantial, immediate and irreparable injury for which there is no adequate remedy at law. CDC is informed and believes, and thereon alleges, that unless restrained and enjoined by this court, defendants will continue to infringe on CDC's copyrights in the CDC product catalog. CDC is entitled to preliminary and permanent injunctive relief to restrain and enjoin defendants' continuing infringing conduct.

## SECOND CAUSE OF ACTION

(Against Divine and DOES 1 through 5, for Vicarious Copyright Infringement)

29. CDC re-alleges paragraphs 1 through 17 and 19 through 28 above, and incorporates them herein by this reference, as though set forth in full.

30. Divine and DOES 1 through 5 have and had the right and ability to control the infringing acts of Jewett (and possibly others) who themselves directly infringed on CDC's work, as described above.

31. Divine and DOES 1 through 5 obtained a direct financial benefit from the infringing activities of Jewett (and possibly others) who themselves directly infringed on CDC's work, as described above.

## THIRD CAUSE OF ACTION

(Against All Defendants, for Contributory Copyright Infringement)

32. CDC re-alleges paragraphs 1 through 17 and 19 through 28 above, and incorporates them herein by this reference, as though set forth in full.

33. Defendants Divine and Jewett each had knowledge of the infringing activity of the other, as described above. Defendants Divine and Jewett each induced, caused or materially

contributed to the infringing conduct of the other by encouraging, inducing, allowing and/or assisting the other to copy, reproduce and distribute CDC's work as described above.

**FOURTH CAUSE OF ACTION**
(Against all Defendants, for Misappropriation of Trade Secrets under 18 U.S.C. §1833 et. seq.)

34. CDC re-alleges paragraphs 1 through 17 above, and incorporates them herein by this reference, as though set forth in full.

35. At all relevant times herein, CDC was in possession of confidential business information consisting of 1) the identity and contact information of the various manufacturers and suppliers of the products that CDC offered for sale in the CDC Catalog; 2) the wholesale cost and pricing information for those and other products offered by those manufacturers and suppliers; and 3) mark-up and profit margin information for such products.

36. Said confidential business information derives independent economic value to CDC from the fact that it is not generally known to the public or to other persons (such as Divine) who can obtain economic value from the information's disclosure and use. Said confidential business information is not easily or readily ascertainable by proper means and, without its unauthorized disclosure, other persons (such as Divine) would have to expend both time and money to find or develop said information on their own. Keeping said confidential business information secret provides CDC with a competitive advantage over other persons (such as Divine) who can obtain economic value from discovering and exploiting the information.

37. CDC treated the confidential business information as a secret. CDC took reasonable precautions under the circumstances to protect the confidential business information and to preserve its secrecy by, among other things, requiring all persons with access to the information to acknowledge their obligation to treat such information confidentially and to agree to preserve its secrecy.

38. Said confidential business information (hereafter, "CDC's trade secret information") is a trade secret as defined by the Defend Trade Secrets Act of 2016, 18 U.S.C. 1839(3).

39. Jewett gained access to plaintiff's trade secret information in the course and scope of his employment by CDC and in the context of an employer-employee relationship between CDC and Jewett. Jewett was under an obligation to maintain the secrecy of CDC's trade secret information that he obtained during his employment, and to limit his use of said information to the furtherance of CDC's business.

40. CDC is informed and believes, and thereon alleges, that Jewett has disclosed CDC's trade secret information to Divine, and that Divine gained access to CDC's trade secret information by accepting them from Jewett. CDC is informed and believes, and thereon alleges, that Divine knew or had reason to know that Jewett acquired CDC's trade secret information by improper means. CDC is informed and believes, and thereon alleges, that Divine and Jewett are using, and/or intend to use, CDC's trade secret information in their efforts to source and price the products offered in the Divine Catalog. Such use of CDC's trade secret information is unauthorized and without CDC's consent or permission.

41. As a direct and proximate result of defendants' disclosure and use of CDC's trade secret information, CDC has suffered and will continue to suffer injury and damage.

42. Defendants' actions in wrongfully disclosing, misappropriating and using CDC's trade secret information were and continue to be willful and malicious, warranting an award of exemplary damages and attorneys' pursuant to 18 U.S.C §§ 1836(3)(c) and 1836(3)(d).

43. As a direct and proximate result of the defendants' wrongful acts and conduct described herein, CDC has suffered and will continue to suffer substantial, immediate and irreparable injury for which it may be extremely difficult or impossible to quantify and for which there is no adequate remedy at law. CDC is informed and believes, and thereon alleges, that unless restrained and enjoined by this court, defendants will continue to disclose and use CDC's trade secret information. CDC is entitled to preliminary and permanent injunctive relief to restrain and enjoin defendants' continuing misappropriation of CDC's trade secret information.

///

///

## FIFTH CAUSE OF ACTION
(Against Defendants Divine and Jewett for Misappropriation of Trade Secrets; Under Cal. Civ. Code §3426)

44. Plaintiff re-alleges paragraphs 1 through 17 and 35 through 43 above, and incorporates them herein by this reference, as though set forth in full.

45. CDC's trade secret information as described above is a trade secret as defined by California's Uniform Trade Secrets Act, Civil Code section 3426(1)(d).

46. CDC is entitled to recover monetary damages, restitution for unjust enrichment and/or reasonable royalties from defendants pursuant to Civil Code § 3426.3, according to proof at trial.

47. Defendants' actions in wrongfully disclosing, misappropriating and using CDC's trade secrets were and continue to be willful and malicious, warranting an award of exemplary damages and attorneys' fees under Civil Code §3426.3.

## DEMAND FOR JURY TRIAL

48. Plaintiff hereby demands a trial by jury.

WHEREFORE, plaintiff prays for judgment as follows:

(1) For damages in such amount as may be proven by plaintiff, or as otherwise allowed by law;

(2) For an accounting of, and imposition of a constructive trust with respect to, defendants' profits attributable to their infringements of plaintiff's copyrights and/or their disclosure or use of plaintiff's trade secret information;

(3) For preliminary and permanent injunctions prohibiting, enjoining and restraining defendants and their respective agents, employees and successors, from continuing to copy, reproduce or distribute plaintiff's original works, including the Divine Catalog, in either print or digital form, or otherwise infringe plaintiff's copyrights;

(4) For preliminary and permanent injunctions prohibiting, enjoining and restraining defendants and their respective agents, employees and successors, from disclosing or using plaintiff's trade secret information as described herein;

(5) For prejudgment interest according to law;

(6) For recovery of plaintiff's reasonable attorneys' fees and cost of suit incurred herein;

(7) For an order pursuant to 17 U.S.C. § 503 impounding all materials, including physical copies and electronic files of the Divine catalog, that have been made or used in violation of plaintiffs exclusive rights as copyright owner.

(8) For such other and further relief that this court deems just and proper.

DATED: August 19th, 2016

GEFFEN LAW & MEDIATION

By: _____
Marc A. Geffen
Attorney for plaintiff Coronado Distribution Company, Inc.